

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**

XXXXXXXXXXXXXXXXXXX
~~WILL WILSON~~XXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-4678

Re: Salary aid where entire district is transferred by contract under Rural Aid Bill (Acts 1941, 47th Leg., R. S., Ch. 549, H.B. 284, p. 880)

We have received your letter of recent date, which we quote in part as follows:

"Article 1, Section 1 of House Bill 284 provides in part as follows:

"'Districts maintaining a school at home and having less than an average of one (1) enumerated scholastic per square mile are exempt from said minimum requirement and are eligible for aid for only one teacher. . . .'

"Article 8, Section 1, which provides for the transfer of an entire district by contract, provides in part as follows:

"'All of the funds of the district, including the State aid to which the district would otherwise be entitled under the provisions of this Act, or such proportionate part thereof as may be necessary, shall be used in carrying out said agreement; . . . .'

"This question: If such district as referred to in Article 1, Section 1 above is entitled to a salary grant on one teacher if it operates a school at home, would it not be entitled to the same amount of aid if such district contracts to another district as provided in Article 8, Section 1?

".  .  .  ."

Article I, Section 1 of House Bill 284 provides that the scholastic provisions of the Act shall be distributed "in such a way as to assist all school districts which have not fewer than twenty (20) nor more than five hundred (500) original enumerated scholastics. . . ." That part of Section I quoted in your letter exempts districts maintaining a school at home and having less than one enumerated scholastic per square mile from the minimum requirement of twenty scholastics, and provides that such districts are eligible for aid for one teacher.

Section 1 of Article VIII governs the transfer of the entire scholastic enrollment of a school district which is unable to maintain a satisfactory school. This transfer does not consist of individual transfers, but of the entire scholastic enrollment as such. This provisions applies only to transfers for the school year 1941-42. Said section reads as follows:

"Section 1. For the school year 1941-42 upon the agreement of the Board of Trustees of the districts concerned or on petition signed by a majority of the qualified voters of the district and subject to the approval of the County Superintendent, State Superintendent and Joint Legislative Advisory Committee, the trustees of a district which may be unable to maintain a satisfactory school may transfer its entire scholastic enrollment, or any number of grades thereof, to a convenient school of higher rank, and in such event, all of the funds of the district, including the State Aid to which the district would otherwise be entitled under the provisions of this Act, or such proportionate part thereof as may be necessary shall be used in carrying out said agreement; provided that no aid shall be allowed for teachers that are not actually employed in the contracting schools."

You have informed us that some fifteen school districts in the sparsely settled portions of Texas are affected by this question, that the teachers were actually employed in the contracting schools, but that the districts have not received salary aid, and that such aid is necessary to carry out the transfer agreements. In other words, the receiving school has received and taught the students composing the entire scholastic enrollment of the sending district and has employwed the teacher for such scholastics; but the sending district has received no salary aid, which it would turn over to the receiving school under the terms of the contract.

You wish to know whether you are authorized to pay salary aid to the district under that part of Section 1 of Article VIII which provides that "all

the funds of the district, including the State Aid which the district would otherwise be entitled under the provisions of this Act, or such proportionate part thereof as may be necessary shall be used in carrying out said agreement." (Emphasis ours)

This problem will not arise in transfers of entire scholastic enrollment for school years after 1941-42, for under Section 2 of Article VIII the scholastic census rolls will be combined, and the teacher-pupil quota will be based upon the combined census total.

We are of the opinion that the school district is entitled to aid under the Act. "Otherwise" is defined by Webster's New International Dictionary of the English Language, Unabridged (Second Edition, 1938), as follows:

"1. In a different manner; in another way, or in other ways; contrarily; . . .

"2. In different circumstances; under other, or any other conditions; . . .

"3. In other respects; . . .

". . . ."

We believe that "otherwise," as used in that part of Article VIII which provides that "all the funds of the district, including the State Aid would otherwise be entitled under the provisions of this Act," simply means the State aid which the district would be entitled if its scholastic enrollment had not been transferred by contract.

Now, turning back to Section 1 of Article 1 we see that districts maintaining a school at home and having less than an average of one student per square mile are exempt from the minimum requirement and are eligible for aid for one teacher. The scholastic enrollments of the districts under consideration have been transferred by contract under Section 1 of Article VIII. "Otherwise" they would come within the purview of this provisions and would be entitled to aid "under the provisions of this Act."

It could possibly be argued that no one could know whether the district would be "maintaining" a school if the transfer had not been made.

Honorable L. A. Woods, page 4, 0-4678

The purpose of Article VIII is to provide a means for educating pupils of a district in which a satisfactory school cannot be maintained. We do not believe that it was the legislative intent to penalize such school districts, but on the other hand, to aid them in conformity with the caption of the Act "providing for a more efficient public school system."

In view of the foregoing you are respectfully advised that a school district maintaining a school at home and having less than an average of one enumerated scholastic per square mile is exempt from the minimum requirement of twenty scholastics and are eligible for aid for one teacher. The entire scholastic enrollment of the districts under consideration have been transferred by contract to another district under Section 1 of Article VIII; it is our further opinion that such districts are entitled to the same amount of aid for which they would have been eligible had the transfer not been made, which aid shall be used in carrying out the transfer agreement.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks

George W. Sparks
Assistant

APPROVED JULY 6, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

By _____
Chairman